■ RICHARD A. KAHIL et al., Respondents, v. HAROLD TOWNSEND et al., Appellants.— Defendants appeal from a judgment entered upon the decision of an Official Referee adjudicating that plaintiffs are the owners and entitled to possession of certain real property and barring the defendants from any rights therein. The action was brought under article 15 of the Real Property Law to determine title, the plaintiffs alleging that they held title to the disputed parcel by virtue of a deed of conveyance to them, and, as a second cause of action, asserted title by adverse possession. The Official Referee has determined that the disputed parcel is included within the description contained in plaintiffs' deed and hence did not pass upon the question of adverse possession. Plaintiffs introduced their deed and an abstract of title in evidence, but produced no evidence tending to help interpret or explain the description in their deed. This description is in the technical language of a surveyor and describes the boundaries by courses and distances. The only issue in the case is the location of the boundaries of the property conveyed to plaintiffs. It is virtually impossible to locate such boundaries without an accurate survey and a professional interpretation thereof. No such evidence appears in the record. Upon this record a finding that the disputed parcel is included in the description in plaintiffs' deed is against the weight of the evidence. We think the matter should be remitted to give the parties an opportunity to produce evidence of a professional survey and location of the boundaries, if they be so advised; or, otherwise, for a determination of the question of adverse possession. Judgment reversed on the law and facts and a new trial ordered, with costs to abide the event. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ In the Matter of LEWIS R. WILSON et al., Appellants, against JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, Respondent.— Appeal by petitioners from an order of the Supreme Court denying a motion to stay a special meeting of a Common School District and denying a review of an administrative act of the Commissioner of Education. On March 11, 1957, pursuant to section 1801 of the Education Law, the commissioner issued an order dissolving Common School District No. 2, Town of Woodstock, Ulster County, and annexing its territory to a Central School District, the order to take effect on June 30, 1957. A petition signed by the requisite number of qualified voters requested a referendum provided for by section 1802 of the Education Law. The commissioner thereupon called a meeting for April 13, 1957 to vote on the question of annexation. At such meeting the annexation was approved by 26 votes. The present petitioners filed an appeal with the commissioner under section 310 of the Education Law seeking to set aside the action taken. The appeal was sustained and the commissioner held that the action of the voters in approving the annexation was null and void, "without prejudice, however, to the filing of further petitions seeking to call another special meeting to vote upon such question." Subsequently a petition requesting another special meeting was filed, and the commissioner, by order dated August 5, 1957, called a meeting of the voters of the district to be held on August 20, 1957, to vote on the same question of annexation. Petitioners-appellants object to the above-quoted part of the commissioner's decision

annulling the previous election, and challenge his power to call a new election without making a new order of annexation. The provision in the commissioner's order annulling the action of the meeting of April 13, 1957 which stated that it was without prejudice to the filing of new petitions could not confer power upon the commissioner to call another meeting if he did not have statutory power to do so. However, subdivision 10 of section 1803 of the Education Law clearly confers such power. It provides: "10. A resolution described in subdivision three or four of this section, if defeated, shall not again be presented for action at a school district meeting unless a petition therefor shall be presented to the commissioner in the manner provided in subdivision two of section eighteen hundred two." It might well be that the commissioner could have called another meeting without a petition, because it does not appear from the record that the resolution was "defeated" — the action of the meeting was declared to be null and void. But, in any event, here a petition for a further meeting was filed, and thereupon the commissioner was not only authorized, but was under a duty to call another meeting to vote upon the original order of annexation. Under these circumstances it may not be said that his action in so doing was arbitrary or capricious, and it is final. (Education Law, § 310.) Order affirmed, with $10 costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.