OPINION OF THE COURT
Samuel L. Green, J.
Defendant North River moves pursuant to CPLR 3211 (subd [a], par 1) to dismiss this declaratory judgment action on the ground that they are not obligated to defend Coles in two underlying actions commenced against plaintiff’s tavern.
Defendant Crum & Forster moves to dismiss on the ground that it is a holding company for a group of insurance companies including North River and does not write any insurance contracts and therefore is not a proper party to this action.
The underlying actions are based upon an accident in which both plaintiffs were struck by an automobile driven by a women who had been a patron of Coles immediately preceding the accident. Plaintiffs allege that Coles con- *757 tinned to serve the patron liquor even after they knew or should have known she had become intoxicated and thereby became liable for negligence and violation of the Dram Shop Act. (General Obligations Law, § 11-101.»)
Coles maintains that there is language in the policy indicating a comprehensive obligation to defend (see, e.g., Tonkin v California Ins. Co. of San Francisco, 294 NY 326; Hartol Prods. Corp. v Prudential Ins. Co. of Amer., 290 NY 44), and emphasizes the first paragraph under “Coverage — Bodily Injury and Property Damage Liability” which states in relevant part: “and the company [North River] shall have the right and duty to defend any suit against the insured [Cales] seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent”. (Emphasis added.)
Coles suggests that this language is misleading and solely intended to market the policy and to divert attention from the exclusions which follow. Coles concludes that although North River may not be liable to pay damages which it excludes, it has the duty to defend Coles in any action based on bodily injury or property damage arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental to its business.
North River’s duty to defend Coles is greater than its duty to pay. (Goldberg v Lumber Mut. Cas. Ins. Co. of N.Y., 297 NY 148, 153.) Coles’ right to be accorded legal representation is a contractual right and consideration upon which its premium is in part predicated. While an insurance policy is often referred to as “liability insurance” it is clear that it is, in fact, “litigation insurance” as well. (International Paper Co. v Continental Cas. Co., 35 NY2d 322, 325-326.) Here North River has the “duty to defend any suit against the insured seeking damages on account of such bodily injury” as is “caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental to the business of the named insured,” “even if any of the allegations are groundless, false or fraudulent.” Whether a suit is groundless or fraudulent usually cannot be deter *758 mined until after representation has been provided and perhaps not until a jury verdict is rendered. Therefore, the court believes that such language is misleading surplusage and must be construed against the insurer and in favor of the insured. Clearly this language requires North River to defend without regard to ultimate liability. (Prashker v United States Guar. Co., 1 NY2d 584; Kincaid v Simmons, 66 AD2d 428, 431; Niagara County v Utica Mut. Ins. Co., 103 Misc 2d 814.)
This court must interpret the language of defendant’s policy from the perspective of the average businessman not the skilled lawyer. (Birnbaum v Jamestown Mut. Ins. Co., 298 NY 305; J.G.A. Constr. Corp. v Charter Oak Fire Ins. Co., 66 AD2d 315.) Recognizing the inequity in bargaining positions in which contracts of liability insurance are normally written and the obvious inducement to the insured of an apparently unequivocal offer by the company to defend it in personal injury or property actions, the court can appreciate that an ordinary and reasonable businessman in applying for insurance and reading the language of defendant’s policy would have thought his establishment was entitled to a defense at North River’s expense against precisely the damage claims now asserted in the underlying negligence actions against Coles. (Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co., 34 NY2d 356.) Also noteworthy is the spirit and intent of the recent amendment to the Insurance Law which requires all policies issued after July 1, 1982 to be “written in a clear and coherent manner; and wherever practicable use words with common and everyday meanings to facilitate readability and to aid the insured or policyholder in understanding the coverage provided.” (L 1980, ch 867, Insurance Law, § 142-a.)
 Accordingly, defendants’ motion to dismiss is denied. Plaintiff’s request for attorneys’ fees in this declaratory action is denied. (Mighty Midgets v Centennial Ins. Co., 47 NY2d 12.) Since defendant Crum & Forster is a holding company and exercises control over defendant North River’s management and policies it is a proper party to this lawsuit and its motion to dismiss is denied. (Insurance Law, § 69-a; CPLR 1001, subd [a].)