■ COLE'S RESTAURANT, INC., Respondent, v NORTH RIVER INSURANCE COMPANY et al., Appellants. — Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: Defendants, the North River Insurance Company and Crum & Forster Insurance Companies (insurance companies), appeal from an order of the Supreme Court, Erie County denying their motion to dismiss a declaratory judgment action brought by plaintiff Cole's Restaurant, Inc. (Cole's) seeking to compel the insurance companies to defend Cole's in lawsuits commenced by third parties. The liability insurance policy issued to Cole's contained an exclusion for bodily injury or property damage resulting from the sale of liquor in violation of the Dram Shop Act (General Obligations Law, § 11-101) or for other improper sale of liquor. The complaints in the personal injury actions allege that a patron of Cole's was served intoxicating liquor by Cole's employees, immediately preceding the accident, when they knew or should have known that the patron had become intoxicated. Further, the complaints allege that the actions of the agents and employees of Cole's in continuing to serve the patron intoxicating liquors under such circumstances violated the Alcoholic Beverage Control Law of the State of New York and were otherwise unlawful and negligent. Special Term erred in holding that, inasmuch as insurer's obligation to defend is broader than its obligation to pay, the insurance companies had a duty to defend Cole's without regard to ultimate liability (*Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y.,* 297 NY 148). Where, as here, there exists no factual basis or legal theory which may be developed at trial that could obligate the insurance companies to pay, there is no duty to defend (*Lionel Freedman, Inc. v Glen Falls Ins. Co.,* 27 NY2d 364; *Manuszewski v Merchants Mut. Ins. Co.,* 60 AD2d

792; *Vale v Yawarski,* 79 Misc 2d 320). The allegations of the complaints seeking damages against Cole's clearly come within the exclusion of the policy (*Manuszewski v Merchants Mut. Ins. Co., supra*) and, therefore, the motion to dismiss should have been granted. (Appeal from order of the Erie Supreme Court, Green, J. — dismiss complaint.) Present — Dillon, P. J., Callahan, Doerr, Denman and Schnepp, JJ. [105 Misc 2d 754.]