THIRD DEPARTMENT, AUGUST, 1993

(August 5, 1993)

■ NEW YORK MUTUAL UNDERWRITERS, Appellant, v HELEN P. BURDICK et al., Doing Business as COLONIAL INN, et al., Respondents. [601 NYS2d 37] —Mikoll, J. Appeal from an order of the Supreme Court (Travers, J.), entered April 1, 1992 in Rensselaer County, which denied plaintiff's motion for summary judgment.

On May 8, 1989, defendant Russell Haley, after spending several hours drinking alcoholic beverages at the Colonial Inn bar and restaurant in Rensselaer County, drove home and fatally shot Shane M. Church. As a result, Haley was ultimately convicted of reckless murder and Church's parents commenced a wrongful death action against Haley, defendant Helen P. Burdick, one of the owners of the Colonial Inn, and defendant John Davendonis, the Colonial Inn bartender who

allegedly served drinks to Haley on the date of the shooting. The complaint alleged two causes of action against the Colonial Inn defendants, one alleging violation of the Dram Shop Act (Alcoholic Beverage Control Law § 65; General Obligations Law § 11-101) and another alleging negligence.

Following commencement of the wrongful death suit, plaintiff, the liability insurance carrier for the owners of the Colonial Inn, brought this action seeking a declaration that it had no duty to defend or indemnify Burdick and Davendonis. Plaintiff moved for summary judgment but this motion was denied. Supreme Court opined that although it agreed with plaintiff that the parties' insurance policy excluded coverage for the statutory cause of action, "[o]n the face of the pleadings, the ordinary negligence claims fall within the general liability provisions of the insurance policy". This appeal by plaintiff followed.

In our view, Supreme Court erred in not granting plaintiff's summary judgment motion. The liability insurance policy issued by plaintiff to Burdick and her business partners specifically excludes coverage for both common-law negligence and Dram Shop Act claims arising out of the sale of alcoholic beverages. The pertinent section of the policy states:

"We do not pay for loss resulting directly or indirectly from the following * * *

"(h) bodily injury or property damage for which the named insured or others for whom coverage is included in this policy may be held liable: (1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages; or (2) If not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed: (a) by, or because of the violation of any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage; or (b) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol which causes or contributes to the intoxication of any person".

While Supreme Court correctly concluded that the cause of action alleging Dram Shop Act violations was specifically excluded, the court erred in not concluding that the ordinary negligence claims were similarly excluded. An examination of the complaint in the wrongful death action reveals allegations that Burdick was allegedly negligent for, *inter alia,* not properly training her employees in the "appropriate manner of serving alcoholic beverages", by serving Haley substantial

quantities of alcohol while in an intoxicated state, by failing to "control" Haley and by failing to "perceive the dangerous condition created" by the presence of Haley and his "continuous consumption of alcoholic beverages". It is apparent that all these allegations either directly or indirectly arose out of the Colonial Inn's business of selling and serving alcoholic beverages and, as such, they are excluded under plaintiff's policy (see, Amherst & Clarence Ins. Co. v Cazenovia Tavern, 90 AD2d 631, 632, revd on other grounds as moot 59 NY2d 983). It is well settled that despite the breadth of an insurer's obligation to defend, where, as here, "there exists no factual basis or legal theory which may be developed at trial that could obligate the insurance compan[y] to pay, there is no duty to defend" (Cole's Rest. v North Riv. Ins. Co., 85 AD2d 894).

Weiss, P. J., Yesawich Jr. and Mercure, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to plaintiff and it is declared that plaintiff is not obligated to defend or indemnify defendant Helen P. Burdick in a wrongful death action commenced by defendants Nancy Church and Timothy G. Church.