■ WILLIG & ASSOCIATES, INC., Respondent, v LUIGI BENEQUISTA, Defendant, and PAUL ZIFFER et al., Appellants. [642 NYS2d 413] —Spain, J. Appeal from an order of the Supreme Court (Lynch, J.), entered April 4, 1995 in Schenectady County, which, *inter alia*, denied the motion of defendants Paul Ziffer and Philip Ziffer for summary judgment dismissing the complaint against them.

In March 1988, defendant Luigi Benequista signed a listing agreement with plaintiff, a licensed real estate brokerage, authorizing it to serve as realtor in the sale of property located at 1259-1263 State Street in the City of Schenectady (hereinafter the property). The listing agreement set forth an asking price of $350,000, with a commission of 10% of the actual purchase price to be paid to plaintiff upon the execution of a contract for the sale or lease of the property prior to the expiration of the agreement on March 28, 1989. Although Benequista represented to plaintiff that he was the owner of the property at the time he executed the listing agreement, he apparently did not hold title to it. Benequista did, however, have a leasehold interest in the property until July 31, 1988 and in January 1988, he entered an agreement with defendants Paul Ziffer and Philip Ziffer (hereinafter defendants), the property's ostensible owners, giving Benequista the option to purchase the property for the sum of $275,000 prior to July 31, 1988. Benequista never exercised this purchase option.

In January 1989, defendants contracted to sell the property to Frank Poplizio and Pasqual Ragozzino for $262,500. Plaintiff thereafter demanded that Benequista pay him a 10% commission on the purchase price on the ground that the listing agreement relating to the property was still in effect. Benequista refused. Plaintiff then commenced this action against defendants and Benequista, alleging causes of action sounding in breach of contract, fraud and conspiracy. Following joinder of issue and discovery proceedings, defendants moved for summary judgment dismissing the complaint against them. Benequista filed a separate cross motion for summary judgment dismissing the complaint against him. Supreme Court denied both motions. Defendants appeal.

The burden on defendants, as the proponents of a summary

judgment motion, was to "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Our review of the record discloses that defendants failed to sustain this burden, having failed to tender, *inter alia*, sufficient documentary evidence to prove their ownership of the property during the period at issue here. No recorded deed, receipted tax bill or other objective proof of title has been included in the record. Having failed to resolve this pivotal issue of fact, it must be concluded that defendants' motion for summary judgment dismissing the complaint was properly denied (*see, Graff v Amodeo*, 178 AD2d 901, 903).

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.