■ LELY CORPORATION, Appellant, v CAPITAL GROUP OF BRUNSWICK, INC., Doing Business as CAPITAL AGWAY, et al., Respondents. [665 NYS2d 737] —Mikoll, J. Appeal from an order of the Supreme Court (Canfield, J.), entered August 22, 1996 in Rensselaer County, which, *inter alia*, denied plaintiff's motion for summary judgment.

On December 13, 1994 defendant Capital Group of Brunswick, Inc. (hereinafter defendant) submitted a dealer application for sale of Kioti equipment to plaintiff which was accepted. Defendant signed a security agreement with plaintiff on December 27, 1994 which was guaranteed by its president, defendant Cynthia Konieczny. The application was approved by plaintiff's credit manager on January 11, 1995. Plaintiff sold defendant three tractors and two loaders for $29,619.62 from February 28, 1995 to June 23, 1995. Pursuant to the terms of the security agreement, the loaders were to be paid for by November 28, 1995 or upon delivery to a retail customer, whichever occurred first, and the tractors were to be paid for upon delivery to a retail customer or by December 28, 1995, whichever occurred first. Plaintiff was not paid for delivery of the items even though defendants conceded that as of September 15, 1995 a loader and tractor were sold.

Pursuant to the acceleration clause in paragraph 3 of the security agreement, upon default and failure to make payment all of the amounts remaining unpaid became immediately due and payable. On September 30, 1995 plaintiff demanded payment for $29,619.62, the total balance due, and thereafter on October 1, 1995 plaintiff demanded possession of the unsold tractors and loader. Plaintiff contends that defendant refused to relinquish possession of the items.

In its complaint, plaintiff alleged in its first cause of action that as of October 1, 1995, plaintiff held and continued to hold a lien on the property in defendants' possession and that the property was now worth $20,053.75 Plaintiff sought such amount plus interest from the date of sale, September 15, 1995, together with damages for detention and injury or depreciation in value. In its second cause of action, plaintiff sues for $29,619.62 with interest from September 15, 1995 for the items delivered to defendants. It also sought an additional $9,565.87 owed by defendants, plus interest from September 15, 1995 and counsel fees.

Defendants answered and asserted that all unsold equipment had been returned to plaintiff in new condition and that the security agreement and guaranty sued on was not binding on defendants and unenforceable. Defendants counterclaimed for $2,652.86 for labor performed and materials provided on the tractors and loaders by defendants. Defendants, in their second counterclaim, asserted that plaintiff breached the agreement designating defendant as the exclusive distributor of plaintiff's product by designating a competitor as a dealer in Kioti equipment in violation of their agreement. Defendants sought $20,000 in damages and alleged continuing detrimental economic harm. In their third counterclaim, defendants asserted a liability theory of detrimental reliance claiming that plaintiff misrepresented the exclusivity of the dealership, that at the time the parties entered into the agreement plaintiff knew the representation to be false, and that defendants relied on the false representations to their detriment and were damaged in the sum of $20,000.

Apparently, since the time the action was commenced, defendant returned some equipment to plaintiff and was credited $17,000.66. Defendants disagree with the amount of credit given them.

Plaintiff brought a summary judgment motion seeking $12,618.96 with interest from September 15, 1995, plus costs, disbursements and counsel fees based on its first and second causes of action. Defendants, in opposition, assert that issues

of fact exist concerning representations made as to the exclusivity of the dealership as well as to the validity of the security agreement and the right to recover counsel fees pursuant thereto.

Supreme Court denied summary judgment, finding that triable issues of fact existed as to the alleged representations made by plaintiff's agents to induce defendants to enter into a dealership agreement. The court also found that a question of fact existed as to whether defendants were entitled to money damages on their counterclaim for damages due for labor performed and materials provided and, also, as to the reasonableness of counsel fees sought by plaintiff pursuant to the security agreement.

The burden is on the proponent of a summary judgment motion to make a prima facie showing of entitlement to the judgment as a matter of law, providing sufficient evidence to demonstrate the absence of any material issues of fact (*see, Willig & Assocs. v Benequista*, 227 AD2d 833; *see also, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). On a motion for summary judgment we must credit the opposing party's evidence (*see, Herman v Powers*, 103 AD2d 992).

Supreme Court's denial of summary judgment should be upheld. A question of fact has been established as to whether an exclusive dealership was promised to defendants to induce them to apply for the dealership. There are issues of fact to be resolved on the question of what the dealership agreement provided. Plaintiff's contention that such an agreement would be illegal and thus not enforceable, and therefore of no consequence, is rejected. We conclude that illegality will not be presumed. We further find that the distributorship agreement as alleged by plaintiff does not establish a per se violation of the Sherman Antitrust Act (15 USC § 1; *see, Chalmers v Eaton Corp.*, 71 AD2d 721).

We also find that a question of fact exists as to the reasonableness of counsel fees sought by plaintiff. These are not adequately documented. Additionally, we find that a question of enforceability of the dealership agreement bears on the question of entitlement to counsel fees which must first be resolved.

Cardona, P. J., Casey, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.