■ DRYDEN MUTUAL INSURANCE COMPANY, Respondent, v WALTER HARR et al., Defendants, and ROBERT D. MAHONEY, Appellant. [668 NYS2d 730] —Mikoll, J. P. Appeal from an order and judgment of the Supreme Court (Ferradino, J.), entered April 15, 1997 in Hamilton County, which granted plaintiff's motion for summary judgment and made a declaration in its favor.

Defendant Robert D. Mahoney was injured when assaulted by defendant David Johnson while both were patronizing defendant Walter Harr's establishment known as Marty's Motel and Bar. Mahoney's amended complaint in the underlying tort action herein asserted an intentional assault claim against Johnson and negligence claims against Harr and Marty's, alleging negligent serving of alcoholic beverages to Johnson when he was in an obviously intoxicated condition and further alleging negligent failure to adequately supervise Johnson and protect Mahoney from harm by Johnson. Plaintiff, the insurance carrier for Harr, commenced this declaratory judgment action after receiving Harr's notice of claim reporting the incident and injury suffered by Mahoney and the summons and complaint which originally named only Marty's and Johnson as defendants. Plaintiff received notice of the occurrence/claim stemming from the May 14, 1995 incident on July 10, 1996.

Before any discovery occurred, plaintiff moved for summary judgment seeking a declaration that it had no duty to defend or indemnify Harr and/or Marty's because of late notice of the claim, and on the basis of the "alcoholic beverage" exclusion provisions of the policy. Supreme Court rejected plaintiff's late notice argument as a basis for granting summary judgment, holding that the adequacy of the insured's excuse for late notice presented a question for the trier of fact. The court granted the motion on the basis of the "alcoholic beverage" exclusion, however, indicating that it believed our decision in *New York Mut. Underwriters v Burdick* (196 AD2d 668) to be controlling. Only Mahoney has appealed.

We begin by noting several relevant, well-settled principles of law. First, "[s]ummary judgment is a drastic remedy and 'should not be granted where there is any doubt as to the existence of a triable issue'" (*Napierski v Finn*, 229 AD2d 869, 870, quoting *Moskowitz v Garlock*, 23 AD2d 943, 944). The moving party must make a prima facie showing of entitlement to summary judgment as a matter of law, proffering evidence sufficient to establish the absence of any material factual issue (*see, Ayotte v Gervasio*, 81 NY2d 1062, 1063; *Willig & Assocs. v Benequista*, 227 AD2d 833, 834). With respect to an insurer's duty to defend, the motion will be granted only if the insurer can "'demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, *in toto*, are subject to no other interpretation'" (*Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 159, quoting *International Paper Co. v Continental Cas.*

*Co.*, 35 NY2d 322, 325; *Home Mut. Ins. Co. v Lapi*, 192 AD2d 927, 928).

Our inquiry is thus whether there exists any legal or factual basis upon which the allegations of the complaint herein can be viewed as falling outside the policy exclusions. Mahoney's complaint alleges that Harr and/or Marty's were negligent in failing "to properly supervise, manage and operate" the establishment, and in failing to afford Mahoney "protection from the unlawful acts of another patron". These allegations are at least facially distinct from those relating to the service of alcoholic beverages, and thus cannot be said as a matter of law to fall within the policy exclusion. Moreover, plaintiff's motion for summary judgment was based solely upon affidavits of its attorney, claims manager and claims adjusters; none of these affidavits establish that Mahoney's injury resulted from the sale or service of alcoholic beverages. In fact, included in plaintiff's motion papers was a statement given by Harr to plaintiff's claims adjuster, indicating that the incident between Mahoney and Johnson occurred shortly after they both entered Harr's establishment. An affidavit submitted by Harr in opposition to the summary judgment motion amplifies this statement, averring that the altercation occurred immediately upon Johnson's entering the bar and before he was served anything to drink. At least at this juncture, before any discovery has been conducted, there is a question of fact as to whether alcoholic beverages were served to Johnson, and whether and to what extent Harr and Marty's were negligent in failing to control him while on the premises.

We turn next to consideration of the applicability of our decision in *New York Mut. Underwriters v Burdick* (196 AD2d 668, *supra*) (hereinafter *Burdick*). In *Burdick*, a patron spent several hours drinking in a tavern and then drove home and fatally shot an individual, whose parents commenced a wrongful death action against the tavern's owner, alleging both a Dram Shop Act violation and common law negligence in the service of alcoholic beverages and the failure to perceive the dangerous condition created by its intoxicated patron. We held that "these allegations either directly or indirectly arose out of [the tavern's] business of selling and serving alcoholic beverages and, as such, they are excluded under plaintiff's policy" (*id.*, at 670). The distinction between the facts in *Burdick* and those herein is subtle, but nonetheless real. Implicated here is the establishment's duty to protect its patrons while on its premises. "Landowners in general have a duty to act in a reasonable manner to prevent harm to those on their property

* * *. In particular, they have a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control * * *. Applying this rationale, lower courts have recognized that a landowner may have responsibility for injuries caused by an intoxicated guest * * *. Significantly, however, these decisions have uniformly acknowledged that liability may be imposed *only for injuries that occurred on defendant's property, or in an area under defendant's control,* where defendant had the opportunity to supervise the intoxicated guest * * *. That duty emanated not from the provision of alcohol but from the obligation of a landowner to keep its premises free of known dangerous conditions, which may include intoxicated guests" (*D'Amico v Christie,* 71 NY2d 76, 85 [citations omitted; emphasis supplied]). (*See, Delamater v Kimmerle,* 104 AD2d 242; *Wright v Sunset Recreation,* 91 AD2d 701; *Schirmer v Yost,* 60 AD2d 789.) Significantly, in *Amherst & Clarence Ins. Co. v Cazenovia Tavern* (90 AD2d 631), upon which we relied in *Burdick,* we specifically noted the absence of an allegation that the injury occurred on the premises of the tavern or in the presence of any of its employees.

The existence of the issues of fact previously identified, and the operative factual distinction from *Burdick,* render summary judgment improper. Supreme Court properly denied summary judgment on the issue of timely notice by the insured. It is well settled that the adequacy of the excuse is a question of fact to be determined by the trier of fact (*James v Allstate Ins. Co.,* 177 AD2d 998, 999; *Columbus Trust Co. v Hanover Ins. Co.,* 50 AD2d 798).

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order and judgment is reversed, on the law, with costs, and motion denied.