■ DAVID J. WOJNAS, Doing Business as TIME OUT TAVERN, Respondent, v NORTH COUNTRY INSURANCE COMPANY, Appellant. [684 NYS2d 735] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted that part of plaintiff's motion for summary judgment seeking a declaration that defendant, North Country Insurance Company (North Country), has a duty to defend plaintiff and directing North Country to pay the costs of that defense. The allegations in the complaint and facts known to North Country establish a reasonable possibility of coverage for plaintiff's failure to supervise and control the conduct of patrons of plaintiff's tavern without regard to the sale or service of alcoholic beverages (*see, Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 648; *Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 65-68; *cf., Dryden Mut. Ins. Co. v Harr*, 247 AD2d 684, 686-687). With respect to indemnification, however, the court failed to make the declaration sought by the parties. Plaintiff moved for summary judgment declaring that North Country has a duty to indemnify plaintiff for Dram Shop violations (*see,* General Obligations Law § 11-101 [1]; Alcoholic Beverage Control Law § 65 [2]). North Country cross-moved for summary judgment declaring that it has no obligation to indemnify plaintiff under any cause of action asserted in the underlying complaint. The court declared that North Country was obligated to indemnify plaintiff, "to the extent of the limits of liability of the policy, for any judgment rendered against plaintiff in the underlying action resulting from any basis of liability not within the exclusion". The court did not, however, declare what constitutes a "basis of liability not within the exclusion", which was the focus of the relief sought in the motion and cross motion. We therefore modify the judgment by denying in part the motion of plaintiff and by granting in part the cross motion of North Country to the extent of declaring that North Country has no duty to indemnify plaintiff for conduct alleged in the first cause of action in the underlying complaint alleging liability for violations of General Obligations Law § 11-101 (1) and Alcoholic Beverage Control Law § 65 (2) and for conduct alleged in the second and third causes of action in the underlying complaint arising out of the sale and service of alcoholic beverages by plaintiff (*see, New York Mut. Underwriters v Burdick*, 196 AD2d 668; *Cole's Rest. v North Riv. Ins. Co.*, 85 AD2d

894). (Appeal from Judgment of Supreme Court, Oneida County, Murad, J.—Declaratory Judgment.) Present—Green, J. P., Pine, Wisner, Balio and Boehm, JJ.