■ GENERAL ACCIDENT INSURANCE GROUP et al., Appellants, v C & H PIZZA CORPORATION et al., Respondents, et al., Defendants. [726 NYS2d 133] —In an action for a judgment declaring that the plaintiffs are not obligated to defend or indemnify the defendants C & H Pizza Corporation and Denise LaBarbera Williams in various underlying personal injury actions, the plaintiffs appeal from (1) so much of an order of the Supreme Court, Suffolk County (Hall, J.), dated October 12, 1999, as, upon reargument, granted the motion of the defendant Denise LaBarbera Williams for summary judgment dismissing the complaint insofar as asserted against her, and

(2) a judgment of the same court, entered November 24, 1999, which, *inter alia*, declared that the plaintiffs were obligated to defend and indemnify the defendants C & H Pizza Corporation and Denise LaBarbera Williams.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, so much of the order as granted the motion of the defendant Denise La-Barbera Williams for summary judgment is vacated, that motion is denied, the plaintiffs' cross motion for summary judgment is granted, and it is declared that the plaintiffs have no duty to defend or indemnify the defendants C & H Pizza Corporation and Denise LaBarbera Williams in the underlying actions; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The defendant C & H Pizza Corporation (hereinafter C & H) operated a restaurant that sold food products and beer. On December 8, 1992, the defendant Denise LaBarbera Williams, a secretary of C & H, provided champagne to underage employees, including the defendant Cynthia K. Tarana, who was decorating the restaurant after business hours for the Christmas holidays. Tarana subsequently operated a motor vehicle in an intoxicated state, resulting in a fatal car accident.

The Supreme Court erred in determining that the alcohol exclusion provision of the insurance policy the plaintiffs issued to C & H did not apply. Alcohol was furnished to a minor in furtherance of a business purpose, thus relieving the plaintiffs of any duty to defend or indemnify C & H and Denise LaBarbera Williams in the underlying personal injury actions (*see, New York Mut. Underwriters v Burdick,* 196 AD2d 668; *Cole's Rest. v North Riv. Ins.,* 85 AD2d 894).

The plaintiffs' remaining contention is without merit. Altman, J. P., Krausman, Luciano and Cozier, JJ., concur.