■ CITY OF BINGHAMTON, Respondent, v T & K COMMUNICATIONS SYSTEMS, INC., et al., Appellants. [736 NYS2d 496] —Mercure, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered July 3, 2001 in Broome County, which

granted plaintiff's motion for summary judgment and, inter alia, enjoined defendants from operating a radio communication tower.

In 1989, defendant T & K Communications Systems, Inc. took title to a parcel of real property in the City of Binghamton, Broome County.[1] In 1994, defendants[2] obtained from the City of Binghamton Planning Commission a special use permit for the removal of an existing communication tower and accessory building on the parcel and their replacement with a new 180-foot communication tower and accessory building. In that connection, defendants also obtained from the City of Binghamton Zoning Board of Appeals a variance from the required 30-foot front yard setback so as to permit a setback of only three feet. Subsequently, the owners of neighboring properties hired surveyor Carl Winterburger to perform a "fall line" survey to determine the extent of the danger zone in the event that the communication tower were to fall. The Winterburger survey showed that certain structures on the parcel not only failed to satisfy the permitted three-foot front yard setback, but in fact encroached onto adjoining property owned by plaintiff. In January 1999, plaintiff revoked the 1994 special use permit and area variance based upon defendants' failure to construct the communication tower and accessory building in accordance with the setback requirements.

Defendants then made application for a new special use permit providing for the relocation of the accessory building and tower so as to comply with the setback requirements. Submitted with the application was a preliminary site plan depicting the existing condition of the property, with a portion of the accessory building and one of the communication tower piers encroaching over the property line. Defendants also submitted a letter stating that "[t]he error in constructing the tower beyond the required setback was an honest error, and not done intentionally." In September 1999, the Planning Commission issued a new special use permit, but required that the communication tower be reduced in height from 180 feet to 100 feet. Defendants' subsequent CPLR article 78 proceeding challenging the newly imposed height limitation was dismissed on the merits.

More than one year after the dismissal of defendants' CPLR

---

**1.** In the deed of conveyance, the grantee was actually identified as T & K Communications, Inc.

**2.** It appears that the corporate defendant and its principal, defendant Gordon Ichikawa, generally operated as a single entity and we will treat them as such for the purpose of our analysis.

article 78 proceeding, plaintiff commenced the present action seeking, inter alia, an injunction requiring defendants to remove the structures on the property. In their answer, defendants denied plaintiff's allegations that the 1994 special use permit had been revoked and that the structures on the parcel encroached on the adjoining property. Following joinder of issue, plaintiff moved for summary judgment. Supreme Court granted the motion and rendered judgment in favor of plaintiff which, among other things, enjoined defendants from operating a radio communication tower on the parcel. Defendants appeal.

We affirm. In defense of the summary judgment motion and on this appeal, defendants contend that there exists a genuine question of fact as to whether any of the structures on their property encroach onto the adjoining property of plaintiff. In our view, the evidence proffered on the motion by plaintiff, including the Winterburger survey and defendants' own preliminary site plan submitted in connection with the 1999 special use permit application, satisfied plaintiff's initial burden of making a prima facie showing on the issue (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). The burden then shifted to defendants to come forward with competent evidence raising a question of fact (*see, Friends of Animals v Associated Fur Mfgrs.*, 46 NY2d 1065, 1067-1068). In our view, no question of fact has been raised by the deed description to the property, with references to iron pins set at the corners, defendants' legal analysis concerning the rules of construction applicable in boundary line disputes, and an uncertified map offered as a visual aid to show that, if the survey fixed the corners of the property at other locations, there would be no encroachment. Notably missing from defendants' showing was a survey map or the expert opinion of a surveyor or other qualified expert fixing the boundary lines at the locations they now allege (*see, Matter of Kings Estates v Town of Chester*, 162 AD2d 802, 804; *Kahil v Townsend*, 5 AD2d 940; *Lindner v Szuster*, 245 App Div 730, 731).

Because plaintiff was able to satisfy its burden on the summary judgment motion without resort to its notice to admit, we need not consider whether Supreme Court was entitled to rely on any deemed admissions in its determination of the motion.

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.

