■ BOMBARDIER CAPITAL, INC., Appellant, v RESERVE CAPITAL CORPORATION et al., Respondents. [744 NYS2d 232] —Spain, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered April 11, 2001 in Broome County, which, inter alia, partially denied plaintiff's motion to dismiss the counterclaims of defendant Richfield Mfg. Housing & Brokerage Sales LLC.

Defendant James W. Hawkins and his wife, operating through several corporations also named herein as defendants, are in the business of financing and selling manufactured homes. In 1996, plaintiff's predecessor in interest, Nations Credit Commercial Corporation of America (hereinafter NationsCredit), entered into identical security agreements with the named corporate defendants (hereinafter collectively the security agreement), whereby NationsCredit agreed to finance defendants' purchase of manufactured housing units. The security agreement granted NationsCredit a perfected security interest in the inventory that defendants purchased on the credit extended by NationsCredit, as well as in the cash proceeds of any sale of such a unit. This arrangement, commonly referred to as floor-plan financing, requires that when defendants sell a unit at retail which they acquired through credit extended under the security agreement, they are obligated to repay NationsCredit the amount of credit extended on that unit and, until such payment is made, defendants must hold that portion of the proceeds of the retail sale in trust for NationsCredit. The individual defendants executed personal guaranties in connection with the aforesaid transaction.

Plaintiff acquired NationsCredit's interest and liabilities in the security agreement at the end of 1998. In March or April 1999, Hawkins realized that he had overextended his credit limit with plaintiff by $300,000 and telephoned plaintiff—as had been his custom with NationsCredit—to request additional financing, which plaintiff provided. Shortly thereafter, Hawkins telephoned plaintiff again, requesting an additional $750,000 to $1,000,000 credit to cover presold homes. Plaintiff advised Hawkins that a written request was required and Hawkins complied. During the ensuing months, plaintiff made various demands for additional documentation which Hawkins provided. Nevertheless, the second request for additional credit was never approved.

In October 1999, plaintiff commenced the instant action seeking money damages and replevin of its chattels, alleging that defendants had breached the security agreement by selling

chattels out of trust, by failing to make required interest and curtailment payments and by refusing to allow plaintiff to recover its collateral. Following discovery, plaintiff moved for summary judgment on the issue of liability and sought dismissal of all six counterclaims interposed by defendant Richfield Mfg. Housing & Brokerage Sales LLC. Supreme Court denied plaintiff's motion, except for dismissing Richfield's third, fourth, fifth and sixth counterclaims. Plaintiff appeals.

The evidence proffered by plaintiff on its motion—including the security agreement and the affidavit of an employee of plaintiff attesting to the fact that, in contravention of the agreement's terms, defendants sold three mobile homes without remitting payments for such units and failed to make necessary interest and curtailment payments—satisfied plaintiff's initial burden of making a prima facie showing of breach of contract (*see, Convenient Med. Care v Medical Bus. Assoc.*, 291 AD2d 617, 618; *see also, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). The burden then shifted to defendants to come forward with competent evidence raising a material question of fact (*see, Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068; *City of Binghamton v T & K Communications Sys.*, 290 AD2d 797, 799). Crediting the evidence submitted in opposition to the motion for summary judgment (*see, Lely Corp. v Capital Group of Brunswick*, 245 AD2d 739, 741), we conclude that several material issues of fact exist and, therefore, plaintiff's motion for partial summary judgment was properly denied.

In his deposition testimony, Hawkins admitted to owing plaintiff for the sales proceeds for one of the three units identified by plaintiff in its motion papers, but explained that this nonpayment was the result of plaintiff's refusal to give him the necessary payoff information, thus arguably excusing his failure to render payment as required under the security agreement (*see, Madison Invs. v Cohoes Assoc.*, 176 AD2d 1021, 1022, *lv dismissed* 79 NY2d 1040; *Bass v Sevits*, 78 AD2d 926, 927). With respect to another of the units in dispute, Hawkins testified that a check had been remitted to plaintiff but, upon plaintiff's request, payment was stopped when the check was not received and another check was issued which, according to Hawkins, had not yet cleared his bank. Finally, Hawkins asserted that the third unit identified by plaintiff had not been sold at all. These statements raise credibility issues and, accordingly, questions of fact as to whether defendants breached the contract by selling any financed units without remitting payment to plaintiff (*see, Mega Group v Halton*, 290 AD2d 673, 676; *Novak v Royal Life Ins. Co. of N.Y.*, 284 AD2d 892, 893).

Moreover, with respect to plaintiff's claim that defendants failed to make interest and curtailment payments due under the security agreement, Hawkins testified that all required interest payments were made up until the time the dispute arose between the parties over additional credit. This raised a question of fact as to the accuracy of this testimony, as well as whether—as submitted by some of the defendants—plaintiff's conduct in delaying a decision on whether to extend additional credit amounted to a breach of the implied covenant of good faith so as to excuse further performance on the part of defendants under the security agreement (*see, Dalton v Educational Testing Serv.*, 87 NY2d 384, 389). Hawkins also alleged that all curtailment payments were made, except for those which were waived by plaintiff. According to Hawkins, where a unit was slated for sale to a retail customer, it was customary for plaintiff to waive curtailment payments until that unit was sold. Accepted as true, these assertions are sufficient to raise a question of fact as to whether plaintiff waived the right to insist on timely payments (*see, England v Nettesheim*, 222 AD2d 825, 827; *Snide v Larrow*, 93 AD2d 959, 959, *affd* 62 NY2d 633).

Turning to plaintiff's assertion that Supreme Court erred in denying that part of its motion seeking dismissal of Richfield's first and second counterclaims, we agree that the first counterclaim should have been dismissed. The first counterclaim alleges that "plaintiff[ ] breached the *actual* terms of the contract at issue" (emphasis supplied), yet Richfield failed to plead that any express term of the security agreement had been breached. The alleged wrongdoing on the part of plaintiff involves its conduct with respect to delaying and ultimately denying additional financing to defendants yet the security agreement contains no promise by plaintiff with respect to extending or increasing defendants' credit line. By contrast, Richfield's second counterclaim alleges that plaintiff breached implied covenants, including the covenants of good faith and fair dealing implicit in all contracts (*see, Dalton v Educational Testing Serv., supra* at 389; *Kirke La Shelle Co. v Paul Armstrong Co.*, 263 NY 79, 85). In our view, plaintiff has failed to demonstrate, as a matter of law, that it did not breach its implied duty of good faith under the security agreement. Accordingly, Supreme Court did not err in denying plaintiff's motion addressed to the second counterclaim in that respect.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of plaintiff's

motion to dismiss the first counterclaim of defendant Richfield Mfg. Housing & Brokerage Sales; motion granted to that extent and said counterclaim dismissed; and, as so modified, affirmed.