■ GEORGE FIRTH, Respondent, v STATE OF NEW YORK, Appellant. [761 NYS2d 361] —Kane, J. Appeal from an order of the Court of Claims (Collins, J.), entered March 22, 2002, which denied defendant's motion for, inter alia, summary judgment dismissing the claim.

Claimant, former director of the Department of Environmental Conservation's Division of Law Enforcement, brought this defamation action against defendant based on statements made in a report issued by the Office of the State Inspector General, originally issued at a press conference held on December 16, 1996 and published on the Internet soon thereafter. A prior action based on those initial publications was dismissed (*Firth v State of New York,* 98 NY2d 365 [2002], *affg* 287 AD2d 771 [2001]). In this action, claimant alleges that he suffered defamation anew through an alleged republication when the report was moved to a new directory on the State Library's Web site as part of defendant's Web site revision project. In October 2001, upon a motion by defendant, the Court of Claims dismissed as untimely all portions of the claim except those relating to the alleged republication in December 2000. Defendant then made a second motion for dismissal of the claim under CPLR 3211 and 3212, which the court denied. Defendant's motion to renew and reargue was likewise denied. Defendant appeals.

Defendant contends that the report was not republished when the State Library moved it. The Court of Appeals determined in the prior action between these parties that the single publication rule applies to the Internet, such that there is not a republication for defamation purposes each day the item is available on the Internet but, instead, the statute of limitations runs from the item's initial posting (*see id.* at 369-370). Republication, an exception to the single publication rule, justifies renewing the statute of limitations when "the subsequent publication is intended to and actually reaches a new audience" (*id.* at 371; *see Rinaldi v Viking Penguin,* 52 NY2d 422, 433 [1981]; Restatement [Second] of Torts § 577A, Comment *d*).

The Court of Claims properly denied defendant's motion for dismissal of the complaint pursuant to CPLR 3211 (a) (7), since claimant's allegations that the report was moved to a different Internet address are sufficient to state a cause of action for republication to a new audience akin to the repackaging of a book from hard cover to paperback (*see Firth v State of New York, supra*; *Rinaldi v Viking Penguin, supra*; *Hopkinson v Redwing Constr. Co.,* 301 AD2d 837, 837-838 [2003]). Regarding the summary judgment aspect of defendant's motion, defendant failed to meet its burden of establishing that no triable issues of fact exist, based on its insufficient motion papers. Defendant submitted a conclusory attorney affirmation and an affidavit of a state employee without personal knowledge of the

facts surrounding the alleged republication. Such documents lack probative value and cannot aid defendant in sustaining its burden (*see Connor v Tee Bar Corp.,* 302 AD2d 729, 730-731 [2003]; *Starbo v Ruddy,* 66 AD2d 950 [1978], *lv denied* 47 NY2d 711 [1979]). Despite reliance by both parties upon documents submitted on defendant's motion to renew and reargue, including an affidavit of the State Library's Web coordinator who was personally involved in the Web site renovation project and moving the report, we will not consider this information as it was not before the Court of Claims on the summary judgment motion (*see Jackson v Dow Chem. Co.,* 295 AD2d 855, 857 [2002]), and was rejected on the motion for reconsideration as defendant offered an insufficient excuse for failing to submit these documents on the summary judgment motion. As defendant's deficient submissions failed to prove its entitlement to summary judgment, we must affirm.

Cardona, P.J., Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.