■ KOOL-TEMP HEATING & COOLING, INC., Appellant, v DENNIS RUZIKA, Also Known as DENIS RUZIKA, Respondent. [776 NYS2d 335]—

Kane, J. Appeal from an order of the Supreme Court (Stein, J.), entered August 11, 2003 in Greene County, which, inter alia, denied plaintiff's cross motion for summary judgment.

The parties entered into a contract whereby plaintiff would install a heating system for defendant for $8,536. Defendant's wife paid a $3,000 deposit. Substantial portions of the work were completed within a few days, but specially manufactured parts were required to finish the job. When those parts arrived and plaintiff returned to the house, defendant refused to allow plaintiff to complete the installation, saying that he had found someone else to do it. Plaintiff commenced this action to recover the $5,536 balance under the contract. Defendant's answer included a counterclaim asserting that he suffered damages due to plaintiff's substandard work. After defendant made a motion unrelated to this appeal, plaintiff cross-moved for summary judgment on its complaint. Supreme Court denied that motion, resulting in plaintiff's appeal.

The factual affidavit of plaintiff's president, an individual with direct knowledge of the circumstances surrounding the contract and installation, and the contract itself were sufficient to establish a prima facie entitlement to summary judgment on

plaintiff's breach of contract claim (*see Hussey v Leggio Agency*, 299 AD2d 690, 691 [2002]; *Bombardier Capital v Reserve Capital Corp.*, 295 AD2d 793, 794 [2002]; *Convenient Med. Care v Medical Bus. Assoc.*, 291 AD2d 617, 618 [2002]). The burden then shifted to defendant to provide competent evidence raising a material fact question (*see Bombardier Capital v Reserve Capital Corp., supra* at 794). Defense counsel's affidavit, authored by an individual without personal knowledge of the events in question, was insufficient to overcome plaintiff's assertions (*see Firth v State of New York*, 306 AD2d 666, 668 [2003]; *Connor v Tee Bar Corp.*, 302 AD2d 729, 730 [2003]). We cannot consider documents in the appendix to defendant's brief because those documents were submitted to Supreme Court only on unrelated motions and are not part of the record on appeal (*see Gagen v Kipany Prods.*, 289 AD2d 844, 845 [2001]; *Baker v City of Elmira*, 271 AD2d 906, 907 [2000]; *Owen v BLC Fly Fishers*, 262 AD2d 922, 922 [1999]). Defendant failed to submit competent proof in opposition to plaintiff's summary judgment motion (*see Convenient Med. Care v Medical Bus. Assoc., supra* at 618).

Upon searching the record and finding that plaintiff established substantial performance of the contract and unjustifiable interference preventing it from completing the contract, we find that defendant's counterclaim based upon nonperformance of the contract must be dismissed. Questions still remain regarding damages, including the value of work, labor and services rendered and materials furnished, plus plaintiff's lost profits because of the breach (*see Tibbetts Contr. Corp. v O & E Contr. Co.*, 15 NY2d 324, 338 [1965]). Therefore, plaintiff is entitled to summary judgment on defendant's counterclaim and the liability portion of its main claim.

Cardona, P.J., Peters, Spain and Rose, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's cross motion for summary judgment; cross motion granted as to liability, summary judgment awarded to plaintiff dismissing defendant's counterclaim and matter remitted to the Supreme Court for further proceedings regarding damages on plaintiff's claim; and, as so modified, affirmed.