■ STEVEN P. KRNA, Appellant, v BROOME CO-OPERATIVE INSURANCE COMPANY, Respondent. [922 NYS2d 636]—

Peters, J.P. Appeal from an order of the Supreme Court (Lebous, J.), entered July 23, 2010 in Broome County, which, among other things, denied plaintiff's motion for partial summary judgment.

---

In January 2005, plaintiff was hired to serve as defendant's president and chief executive officer. Pursuant to the employment agreement between the parties, plaintiff was guaranteed employment for a period of five years, during which time he would receive compensation in the form of salary and benefits and would have the use of a company vehicle. The agreement provided that plaintiff could be terminated for cause, defined as "personal dishonesty, incompetence, willful misconduct, breach of fiduciary duty involving personal profit, intentional failure to perform stated duties, failure to adhere to any written [company] policy if [plaintiff] has been given written notice and a reasonable opportunity to comply with such policy or cure his failure to comply or material breach of any provision of [the agreement]." The agreement also required defendant to pay plaintiff severance benefits in the event of termination for any reason other than for cause and that, upon termination, plaintiff return all company property that had been provided to him.

In November 2007, without prior written notice, plaintiff was suspended without pay and ordered to turn over his office keys, the company car and car keys, the personal cellular telephone he used for business and the company credit card. He was allowed to retrieve his belongings but was asked not to return to the building thereafter. The chair of the board of directors executed a separation agreement in December 2007 offering plaintiff three months of severance pay, but plaintiff refused to sign the agreement. In February 2008, plaintiff was notified by letter from the chair that the board of directors intended to remove him as president and chief executive officer of the company and as board member. In the letter, it was explained that the board's decision was based on several actions taken by plaintiff, including continuing to practice law in violation of the employment agreement and using company property to do so, incurring unauthorized travel expenses in violation of the company's travel policy, taking company property, using company funds to purchase $1,600 worth of cans of popcorn from his son's Boy Scout troop, failing to report two accidents he had with a company vehicle, and generally ignoring his responsibilities at work and failing to competently perform his duties. Plaintiff was invited to attend a special meeting of the board to address the allegations, but he did not attend. According to defendant, plaintiff was formally terminated in March 2008.

Plaintiff commenced this action seeking damages for wrongful termination in breach of the employment agreement. He thereafter moved for partial summary judgment on the issue of

liability and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied both motions, prompting this appeal by plaintiff.

As the proponent of the summary judgment motion, plaintiff met his threshold burden of making a prima facie showing of entitlement to judgment as a matter of law through his tender of the employment agreement and his own affirmation, in which he stated that in November 2007 he was stripped of all indicia of employment, and thus effectively terminated, without notice of the details and events constituting cause for his termination and an opportunity to cure (*see Bombardier Capital v Reserve Capital Corp.*, 295 AD2d 793, 794 [2002]; *Convenient Med. Care v Medical Bus. Assoc.*, 291 AD2d 617, 618 [2002]; *Hanson v Capital Dist. Sports*, 218 AD2d 909, 910 [1995]). In response, defendant was required to present competent evidence raising a material issue of fact (*see Kool-Temp Heating & Cooling v Ruzika*, 6 AD3d 869, 870 [2004]; *Convenient Med. Care v Medical Bus. Assoc.*, 291 AD2d at 618). Construing the evidence in the light most favorable to defendant, as the nonmoving party (*see Jabbour v Albany Med. Ctr.*, 237 AD2d 787, 789 [1997]), we conclude that several factual questions exist precluding partial summary judgment in favor of plaintiff on the issue of liability.

In opposition to the motion, defendant proffered the written notice sent to plaintiff in February 2008 which detailed the various company policies that plaintiff allegedly violated, as well as plaintiff's deposition testimony admitting to continuing to practice law after being employed by defendant, taking unauthorized trips and being involved in accidents with the company vehicle but failing to report them to defendant, the police or the insurance carrier. Defendant also submitted an affidavit from the chair of the board of directors, who averred that plaintiff was merely suspended in November 2007, as evidenced by the fact that he thereafter continued to receive medical insurance from defendant, attended two board meetings in his capacity as a director, and remained employed by defendant until he was terminated for cause in March 2008. To that end, plaintiff himself testified that, a month after his suspension, he continued to carry out his duties as a member of the board of directors and attended board meetings because he was "a director and at that point still president of the company." Plaintiff also stated at various other times, including in his responses to defendant's interrogatories, that his employment with defendant terminated on March 7, 2008. In view of the conflicting affidavits and varying inferences to be drawn from the relevant facts, material questions of fact remain as to when plaintiff was

in fact terminated and whether such termination was in accordance with the procedures outlined in the employment agreement (*see Bombardier Capital v Reserve Capital Corp.*, 295 AD2d at 795; *Mega Group v Halton*, 290 AD2d 673, 676 [2002]; *Roemer & Featherstonhaugh v Featherstonhaugh*, 274 AD2d 630, 632 [2000]). Accordingly, summary judgment was properly denied to plaintiff on the issue of defendant's liability for breach of the employment agreement.

Rose, Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, with costs.