*280 OPINION OF THE COURT
Walter B. Tolub, J.
This action, and the companion action captioned David Birnbaum v Moshe Zwiebel Diamond Corp. and Isaac Zwiebel (Index No. 600722/2006),[1] raise the novel question of whether the act of accessing an allegedly defamatory comment posted on a subscription-only Web site constitutes a republication of the comment, thereby justifying renewal of the statute of limitations in a defamation action.
Plaintiff is engaged in the retail jewelry business. Defendants are engaged in the wholesale jewelry business. The parties’ respective businesses are located in the New York City metropolitan area. The parties are members of Polygon, a fee-based online service for jewelry trade and business professionals. Polygon, which is not accessible by the general public, allows its members to network, discuss business issues, and purchase and sell products. In addition, Polygon allows its members to provide details about their respective businesses, and allows other members to post comments about businesses other than their own. Any posted comments are only viewable by Polygon members (complaint 1i 6).
On May 15, 2002, plaintiff claims that defendants posted a defamatory comment about David Birnbaum and Rare 1 Corp. on Polygon’s Web site. Plaintiff alleges that this comment, which is accessible by every subscribing member of the Polygon service who wishes to read it, was “false, defamatory, malicious, and libelous” (complaint 11 7). On January 16, 2006, close to four years after this allegedly defamatory comment was posted, plaintiff commenced this action. On February 27, 2006, David Birnbaum, doing business as Rare 1 Corp., commenced a related action against defendants under the caption David Birnbaum v Moshe Zwiebel Diamond Corp. and Isaac Zwiebel (Index No. 600722/2006) seeking identical relief. Defendants presently move for dismissal of the complaint in both this action and the companion Birnbaum action on the grounds that both actions are barred by the applicable one-year statute of limitations for defamation actions (CPLR 215 [3]).
*281 Discussion
Nearly a century ago, New York courts adopted the “single publication rule” approach to defamation cases. Under that rule, the single publication of a defamatory comment, regardless of the number of copies the comment appears in or the range of the publication’s distribution, constitutes only one publication and gives rise to only one cause of action (Gregoire v Putnam’s Sons, 298 NY 119, 123 [1948], lv denied 298 NY 753 [1948]; Sorge v Parade Publs., 20 AD2d 338 [1st Dept 1964]; Ferber v Citicorp Mtge., Inc., 1996 WL 46874, 1996 US Dist LEXIS 1210 [SD NY 1996]). The rule is meant “to restrict the subject of an allegedly defamatory writing to a single cause of action that accrues when the writing is released to its intended audience” (Stockley v AT & T Info. Sys., Inc., 687 F Supp 764, 768 [ED NY 1988]) and to minimize the amount of litigation arising in connection with the defamatory writing, and the jurisdictional and legal problems associated thereto (see, Sorge, 20 AD2d at 340).
In New York, the general applicable statute of limitations for actions involving acts of defamation is one year. This period runs from the date of the initial publication of the defamatory writing, and not from the date of the publication’s distribution (see, Sorge v Parade Publs., 20 AD2d 338 [1st Dept 1964]). However, if the defamatory writing is republished in a new format, i.e., a hardcover book republished in paperback, or a newspaper article republished in a later newspaper edition, then, the statute of limitations will run anew from the date of the republication (see, Rinaldi v Viking Penguin, 52 NY2d 422 [1981]; Rand v New York Times Co., 75 AD2d 417 [1st Dept 1980]).
The single publication rule is not exclusive to conventionally printed material and has been held to apply to defamation actions arising out of allegedly defamatory written statements published on Internet Web sites (see, Firth v State of New York, 98 NY2d 365 [2002]). The statute of limitations for these actions, as with conventionally printed material, remains one year, and runs from the initial posting of the defamatory comment (Firth, 98 NY2d 365 [2002]). However, if the defamatory material is relocated to a second Web site, the relocation to the new Web site constitutes a republication of the defamatory comment, thereby acting to restart the statute of limitations (see, Firth v State of New York, 306 AD2d 666 [3d Dept 2003]; see generally 1 Barr, Altman, Lipshie and Gerstman, New York Civil Practice Before Trial § 3:340 [James Publ 2005]).
*282 Plaintiff in the instant action (as does plaintiff in the related action) argues that the single publication rule as well as its application in both Firth actions is inapplicable to this particular case because unlike Firth, the Web site in question is a private, subscriber-only Web site. Plaintiff further argues that since the comments about other businesses that are posted on the Polygon Web site are only available if and when a user requests that information, the retrieval of the comments from the Web site is similar to the issuance of a credit report containing false information.[2]
However, even if this court were to compare the retrieval of the comments from Polygon’s Web site to the dissemination of a false credit report, the fact still remains that the single publication rule remains applicable. As Judge Schwartz of the Southern District for New York noted in David J. Gold, P.C. v Berkin (2001 WL 121940, *4, 2001 US Dist LEXIS 1206, *12 [SD NY 2001]),
“New York courts, applying the single publication rule, have found that the continued dissemination of allegedly defamatory statements is not a republication giving rise to a new cause of action, in particular where, as here, the subsequent reports were qualitatively identical and published by the original libelen See Ferber, 1996 WL 46874, at *6 (finding that defendant’s continued reporting to credit bureaus falls within the single publication rule).”
The instant case before this court involves a fee-based, commercially created Web site designed to facilitate networking within a professional community. As paid subscribers, members have the ability, if they so desire, to freely post comments about themselves or other businesses on the Web site. These comments are not circulated. They can only be viewed if a subscribing member accesses the information, much like turning to a page in a book.
It is this court’s opinion that these comments are also subject to the single publication rule. As such, plaintiffs in the respective actions had one year following the initial posting of the comments in which to commence their respective actions. *283 Plaintiffs did not commence actions in that time, and they have not demonstrated that either case falls somehow within an exception that would act to renew the statute of limitations. Accordingly, both the instant action and the related Birnbaum action are time-barred.
Accordingly, it is ordered that defendants’ motion to dismiss the instant action is granted; and it is further ordered that defendants’ motion to dismiss the companion action to this matter, captioned David Birnbaum v Moshe Zwiebel Diamond Corp. and Isaac Zwiebel (Index No. 600722/2006) is also granted.

. The pleadings in both cases are identical, as are the parties. Therefore, in the interest of judicial economy, this court issues one decision for both cases.

. In support of its argument, plaintiff relies entirely on an unpublished Tennessee case captioned Swafford v Memphis Individual Practice Assn. (1998 WL 281935, 1998 Tenn App LEXIS 361 [Ct App 1998]). This court has read Swafford and has determined that it is not applicable to the instant action.