*513 OPINION OF THE COURT
Marylin G. Diamond, J.
This action is brought pursuant to Civil Rights Law §§ 50 and 51, which proscribe the use of a living person’s name, portrait or picture for advertising purposes without first having obtained the person’s consent. The defendant herein, Town Sports International Holding, Inc. (TSI), operates sports clubs throughout the United States. In 1999, a photograph was taken of the plaintiff, Robert F. Geary, while he was playing football. Shortly thereafter, a copy of the photograph was first installed at a TSI club, where it allegedly remains. Copies of the same photograph were later used at several other TSI clubs. In addition, at some point not indicated in the record before the court, the photograph appeared on TSI’s Web site for a limited period. Although the plaintiff does not claim to know when the photograph was first used on the Web site, he nevertheless alleges that it could be accessed after March 24, 2007. Denying that he ever gave the defendant permission to use his photograph for advertising purposes, the plaintiff seeks injunctive relief and monetary damages.
The defendant has moved to dismiss the complaint, pursuant to CPLR 3211 (a) (5), on the ground that it is time-barred. Pursuant to CPLR 215 (3), an action to recover damages for a violation of the right of privacy under the Civil Rights Law must be brought within one year of the accrual date. (See Nussenzweig v diCorcia, 9 NY3d 184, 188 [2007].) In New York, the timeliness of statutory right of privacy claims is determined by applying the “single publication rule.” {Id. at 188.) Under this rule, the one-year statute of limitations begins to run on the date the material at issue is first published or used. Even though the material may, in the same form, be subsequently distributed and used, the single publication rule rejects the claim that each instance of such distribution and use constitutes either a separate publication or a continuing wrong which extends the date of accrual. (See Firth v State of New York, 98 NY2d 365, 369 [2002]; Gregoire v Putnam’s Sons, 298 NY 119, 125-126 [1948].) The purpose of the rule is to avoid an endless tolling of the one-year statute of limitations, thus sparing the courts from the litigation of stale claims involving events from years earlier. (See Nussenzweig v diCorcia, 9 NY3d at 188.)
There is, however, an exception to the single publication rule. Where there is a republication, the period of limitations is re-triggered. Republication occurs “upon a separate aggregate *514 publication from the original, on a different occasion, which is not merely ‘a delayed circulation of the original edition.’ ” (Firth v State of New York, 98 NY2d at 371 [citation omitted].) As the Court of Appeals has explained, the justification for this exception to the single publication rule is that “the subsequent publication is intended to and actually reaches a new audience.” (Id. at 371; see also Rinaldi v Viking Penguin, 52 NY2d 422, 433-435 [1981].) Thus, where the material at issue is republished in a new format intended to reach a new audience, the statute of limitations will run anew from the date of the republication. (See Rare 1 Corp. v Moshe Zwiebel Diamond Corp., 13 Misc 3d 279, 281 [Sup Ct, NY County 2006].)
Here, in opposing the defendant’s motion to dismiss, the plaintiff effectively concedes that his claim is time-barred under the single publication rule with respect to the defendant’s installation of his photograph at its various clubs since all of the installations at the clubs have been in the same format as initially used at a TSI club soon after the picture was taken in 1999. However, the plaintiff argues that the use of the photograph on the defendant’s Web site was a republication and that a new statute of limitations began to run when the photograph first appeared on the Web site. The court agrees.
Clearly, the defendant’s Web site presents an entirely different format for the use of the photograph than its installation on the sports club premises. (See Rare 1 Corp. v Moshe Zwiebel Diamond Corp., 13 Misc 3d at 281.) As to the audience, the installation of the photograph at the defendant’s various clubs is presumably intended primarily for the entertainment of the limited number of people who are already members and, therefore, on the premises. On the other hand, the Web site is presumably directed at a far wider audience primarily comprised of those who are not members and whom the defendant is seeking to attract as new members. In any event, since the defendant has not even addressed the issue, it is entirely appropriate for the court to assume that the composition of the audience present at the clubs is different from the composition of the audience merely visiting the defendant’s Web site. To the extent that the court in Blair v Nevada Landing Partnership (369 Ill App 3d 318, 324-325, 859 NE2d 1188, 1193-1194 [2006]) found that a company’s use on its Web site of a photograph previously installed on its premises did not constitute a republication, this court respectfully disagrees.
Under the circumstances, the court is persuaded that the use of the plaintiffs photograph on its Web site constituted a repub *515 lication which triggered a new statute of limitations. If the defendant can show that the photograph first appeared on its Web site more than one year before this action was commenced, it may renew its motion to dismiss. In the absence of any such evidence, its motion must be denied.
Accordingly, the defendant’s motion to dismiss is hereby denied.