**Jennifer Leigh MILLER, Plaintiff,**

v.

**ANHEUSER BUSCH, INC., Defendant.**

**Case No. 06–21770–CIV.**

United States District Court,
S.D. Florida.

Dec. 29, 2008.

Jennifer Leigh Miller, West Palm Beach, FL, pro se.

Terrence Russell, Steven Wayne Marcus, Ruden McClosky Smith Schuster & Russell, Fort Lauderdale, FL, for Defendant.

*ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT [DE 164]; CLOSING CASE*

ALAN S. GOLD, District Judge.

THIS CAUSE is before the Court on Defendant Anheuser Busch, Inc.'s Motion for Final Summary Judgment and Accompanying Memorandum of Law ("Motion for Summary Judgment") [DE 164], filed August 8, 2008. Plaintiff filed an Opposition to Defendant's Motion for Final Summary Judgment and Memorandum of Law ("Response") [DE 204] on October 3, 2008, and Defendant filed a Reply Memorandum in Support of Motion for Final Summary Judgment ("Reply") [DE 206] on October 17, 2008. Oral argument on the Motion was held on November 14, 2008. After oral argument, Defendant filed a Notice of Supplemental Authority [DE 209]. Having reviewed the parties' arguments, the relevant case law, and the positions presented at oral argument, Defendant's Motion for Summary Judgment is granted.

## I. Procedural and Factual Background

In its Motion for Summary Judgment, Defendant included a Statement of Undisputed Material Facts and filed supporting exhibits. Plaintiff included a Statement of Facts in the Response and referenced previously filed supporting exhibits. Upon review of the record, including Defendant's Statement of Undisputed Material Facts, Plaintiff's Statement of Facts, and the relevant exhibits, I conclude that the follow-ing material facts are undisputed and supported by evidence in the record.[1]

Plaintiff is a former model who, on January 28, 2000, participated in a photo shoot ("2000 Photo Shoot") conducted by photography studio Alan Kaplan Studio, Inc. ("Alan Kaplan") on behalf of Defendant Anheuser Busch and its advertising agency Waylon Company ("Waylon"). (*Id.* at ¶¶ 5, 8, 9). Also on January 28, 2000, Plaintiff executed a Model Release ("2000 Model Release"), which stated

> I, Jennifer L. Miller, hereby grant to Waylon Company & Alan Kaplan Studio Inc. and its affiliates, successors, assigns or designees the absolute right and permission to use my likeness and photograph, in whole or in part, with or without written copy for the sum of $2,000 + 20% agency fee for the session and the following usage fees (if used):
>
> | | |
> |---|---|
> | One year billboards | $1500 + 20% |
> | One year print | $1500 + 20% |
> | One year point of purchase | $1500 + 20% |
> | One year transit outdoor | $1500 + 20% |
> | (includes but stops, phone booths and buses) | |

(DE 168–2, p. 29). Accordingly, the 2000 Model Release authorized Defendant Anheuser Busch, as assignee, to use any of Plaintiff's images resulting from the 2000 Photo Shoot in its advertising campaigns. (Statement of Undisputed Material Facts, ¶ 11).

On January 16, 2001, Plaintiff participated in a second photo shoot ("2001 Photo Shoot") conducted by Alan Kaplan on behalf of Defendant Anheuser Busch and its advertising agency Momentum, Inc. ("Momentum").[2] (*Id.* at ¶¶ 8, 10). Plaintiff signed the first page of a three-page Uniform Model Release ("2001 Model Release") with Momentum and Alan Kaplan on January 16, 2001. The first page of the

---

1. In the Southern District of Florida, a party moving for summary judgment must submit a statement of undisputed facts. *See* S.D. Fla. L.R. 7.5. If necessary, the non-moving party may file a concise statement of the material facts as to which it is contended there exists a genuine issue to be tried. *Id.* Each disputed and undisputed fact must be supported by specific evidence in the record, such as depositions, answers to interrogatories, admis-sions, and affidavits on file with the Court. *Id.* All facts set forth in the movant's statement which are supported by evidence in the record are deemed admitted unless controverted by the non-moving party. *Id.*

2. In 2001, Momentum acquired part of Waylon, and Anheuser Busch entered into advertising agreements with Momentum. (*Id.* at ¶¶ 8, 10).

2001 Model Release stated, in pertinent part:

> I, Jennifer Leigh Miller, hereby grant to Momentum & Alan Kaplan photography studio and its affiliates, successors, assigns or designees the absolute right and permission to use my likeness and photograph, in whole or in part, with or without written copy for the sum of $2000.00 plus 20% agency fee for session and the following usage fees (if used): Usage description: SEE ATTACHED.

(DE 168–2, p. 30; Statement of Undisputed Material Facts, ¶ 12). Attached at the second and third pages of the release was a document entitled "Model/Talent Usage Pricing For Outdoor and Pricing" which specified various usage rates for outdoor and print usage.[3] (DE 168–2, p. 31).

On February 7, 2002, Plaintiff executed a third release ("2002 Model Release"). (Statement of Undisputed Material Facts, ¶ 13). This release authorized Advertiser Anheuser Busch and Ad Agency Momentum to use a particular image taken of Plaintiff at the 2000 Photo Shoot in an advertising campaign entitled "Special Moments" from January 2002 to January 2003. (*Id.*; DE 168–2, p. 33). The release stated,

> I give and grant to the above-named Advertiser and above named Ad Agency ("Agency") and their respective licensees, successors and assigns (herein collectively called ("Licensed Parties"), the right to use, publish and copyright my name, picture, likeness and on-camera performance or portrayal with or without my name and/or fictitious name in all forms of advertising and promotion for Advertiser and Advertiser's product(s) and/or service(s) in the Media and in the Territory during the Term, as set forth above.

(DE 168–2, p. 33).

Defendant Anheuser–Busch used Plaintiff's images in its print, outdoor (billboard) and transit (subway) advertising. (*Id.* at ¶ 16). Specifically, Defendant Anheuser–Busch used one photograph from the 2000 Photo Shoot and four photographs from the 2001 Photo Shoot; each photograph was used in its own campaign. (*Id.* at ¶¶ 13, 18, 22, 23; Affidavit of Jackie L. Roberts, DE 170–2). The campaign names, mediums, and dates of publications were as follows:

| Campaign Name | Actual Usage by Medium |
| --- | --- |
| Caliente | Billboards: 5/31/2001–5/15/2002 |
| Club Girls | Print: 5/15/2001–10/01/2001<br>Transit: 4/01/2001–12/31/2001 |
| Designated Driver | Print (United States): 7/17/2001–4/06/2003<br>Print (Hong Kong): 7/11/2002–8/11/2002 |
| Night Club | Billboard: 3/15/2001–5/31/2003 |
| Special Moments | Print (United States): 11/01/2001–4/10/2003<br>Print (Hong Kong): 7/11/2002–8/11/2002<br>Outdoor/Billboards: 12/18/2001–9/15/2003<br>Outdoor/Transit: 7/01/2002–2/28/2003 |

(*Id.* at ¶ 18; Affidavit of Jackie L. Roberts, DE 170–2). Plaintiff was aware of Defen-

---

**3.** There is some factual dispute as to whether Plaintiff saw and/or was given the second and third pages of the 2001 Model Release. However, there is no dispute that Plaintiff signed the first page of the 2001 Model Release, and the information contained in the second and third pages is not material to my bases for granting summary judgment, namely the statute of limitations and liability under Fla. Stat. § 540.08.

dant's use of her image in advertising campaigns in 2001, and accepted compensation from Defendant for such use, in accordance with the usage rates set forth in the various Releases executed by Plaintiff. (Statement of Undisputed Material Facts, ¶ 15, 21, 22, 23).[4]

On July 14, 2006, Plaintiff filed suit against Defendant in the Southern District of Florida, under diversity jurisdiction. (Complaint, DE 1). Plaintiff filed an Amended Complaint (DE 20) on May 15, 2007, and a Second Amended Complaint (DE 36) on September 25, 2007. The Second Amended Complaint alleged commercial misappropriation and copyright infringement. (DE 36). The copyright infringement claim was dismissed on February 11, 2008 (DE 59), and, as noted above, Defendant filed a Motion for Summary Judgment (DE 164) on the only remaining claim, commercial misappropriation, on August 8, 2008.

## II. Standard for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment when the pleadings and supporting materials show that, drawing all inferences in favor of the nonmovant, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is "material" if it hinges on the substantive law at issue and it might affect the outcome of the nonmoving party's claim. *See id.* ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). The court's focus in reviewing a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505; *Bishop v. Birmingham Police Dep't,* 361 F.3d 607, 609 (11th Cir.2004).

The moving party bears the initial burden under Rule 56(c) of demonstrating the absence of a genuine issue of material fact. *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir.1997). Once the moving party satisfies this burden, the burden shifts to the party opposing the motion to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A factual dispute is genuine only if the evidence is such that a reasonable fact finder could return a verdict for the non-moving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Denney v. City of Albany,* 247 F.3d 1172, 1181 (11th Cir.2001).

In assessing whether the movant has met its burden, the court should view the evidence in the light most favorable to the party opposing the motion and should resolve all reasonable doubts about the facts in favor of the non-moving party. *Denney,* 247 F.3d at 1181. In determining whether to grant summary judgment, the court must remember that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a

---

**4.** The parties present facts regarding the compensation Plaintiff received for the various advertising campaigns, and whether such compensation was adequate. Defendant also presents facts about the industry standard for compensation and damages. White these facts may be material to a breach of contract claim or to computation of damages, these facts are immaterial to the grounds upon which I am granting summary judgment, namely the statute of limitations and liability under Fla. Stat. § 540.08, and I therefore do not include them in this Order.

judge." *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

### III. Analysis

Plaintiff Miller alleges that Defendant Anheuser Busch misappropriated her image in violation of Fla. Stat. § 540.08, entitled "Unauthorized publication of name or likeness." In the Motion for Summary Judgment, Defendant argues that Plaintiff's claim is time-barred by the statute of limitations and that Plaintiff's claim fails under Fla. Stat. § 540.08 because she consented to the use of her photographs being used in Defendant's advertising campaigns. Defendant also requests summary judgment on the proper measurement of and Plaintiff's entitlement to damages. Because I conclude that Plaintiff's claim is barred by the statute of limitations, and in the alternative, fails on the merits, I do not reach the damages issues.

### A. *Statute of Limitations*

Defendant Anheuser Busch first argues in its Motion for Summary Judgment that Plaintiff's claims are barred by the four-year statute of limitations on misappropriation claims in Florida. Plaintiff does not address this issue in her Response.

As noted above, this action was brought under diversity jurisdiction. "Under the doctrine of *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), a federal court in a diversity action must apply the controlling substantive law of the state. In *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), the Supreme Court held that state statutes of limitations are substantive laws and must be followed by federal courts in diversity actions." *Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga.,* 720 F.2d 1230, 1232 (11th Cir. 1983). I therefore apply Florida statute of limitations law to Plaintiff's claim.

Under Florida law, because Fla. Stat. § 540.08 does not provide its own statute of limitations and does not fall within any of the specific categories provided in Fla. Stat. § 95.11 (entitled "Limitations other than for the recovery of real property"), the four-year catchall statute of limitations applies. *See* Fla. Stat. § 95.11(3)(p) (providing four-year statute of limitations for "[a]ny action not specifically provided for in these statutes."). This four-year period begins to run at the date of publication (not at discovery of publication). *See Putnam Berkley Group, Inc. v. Dinin,* 734 So.2d 532, 536 (Fla. 4th DCA 1999) (holding that actions under Fla. Stat. § 540.08 must be brought within four years of the accrual of the cause of action, not four years of discovery of the fact of publication).

Moreover, for repeated or ongoing publication of a single image, the single publication rule provides that the cause of action accrues on the date of first publication, as this is when the alleged harm accrues. *See* Fla. Stat. § 770.07 ("The cause of action for damages founded upon a single publication or exhibition or utterance, as described in s. 770.05, shall be deemed to have accrued at the time of the first publication or exhibition or utterance thereof in this state."); Fla. Stat, § 770.05 (defines actions subject to single publication rule as "libel or slander, invasion of privacy, or any other tort founded upon any single publication, exhibition, or utterance, such as any one edition of a newspaper, book, or magazine, any one presentation to an audience, any one broadcast over radio or television, or any one exhibition of a motion picture."); *Callaway Land & Cattle Co., Inc. v. Banyon Lakes C. Corp.,* 831 So.2d 204, 207–08 (Fla. 4th DCA 2002) ("In Florida, a single publication gives rise to a single cause of action. The various injuries resulting from it are merely items of damage arising from the same wrong.... The single publication rule does not permit multiple actions when they arise from the same publication ..." (citations omitted).).

Here, Defendant used Plaintiff's image in five advertising campaigns. Each advertising campaign contained a single photograph of the Plaintiff and ran for a finite period of time. The alleged harm faced by Plaintiff was faced on the first day of publication of each of her photographs. Accordingly, while Defendant may have republished each photograph of Plaintiff within each advertising campaign, the single publication rule provides that the cause of action accrues upon the date of first publication of each of Plaintiff's five photograph in each advertising campaign. *See Blair v. Nevada Landing Partnership*, 369 Ill.App.3d 318, 307 Ill.Dec. 511, 859 N.E.2d 1188 (2006) (holding that defendants' act of publishing a single picture of plaintiff as part of an advertising campaign in various mediums and on a website constituted a single overt act, as although the picture was displayed in several mediums, it was used for a single purpose). Applying this rule to Defendant's use of Plaintiff's photographs in the five advertising campaigns, the start dates of which are undisputed by Plaintiff, the cause of action for each campaign accrues as follows:

- Caliente–5/31/2001
- Club Girls–4/01/2001
- Designated Driver–7/17/2001
- Night Club–3/15/2001
- Special Moments–11/1/2001.[5]

Plaintiff's filed the initial Complaint on July 14, 2006, more than four years after the date of first publication for each of these campaigns. Accordingly, I conclude that Plaintiff's action is time barred by the statute of limitations. Even if Plaintiff's action were timely filed, her commercial misappropriation claim would fail on the merits, as discussed below.

### B. *Fla. Stat. § 540.08*

In her Second Amended Complaint, Plaintiff alleges that "Defendant used and exploited the image of Plaintiff in its nationwide commercial advertising campaign for Budweiser Beer without consent of the Plaintiff," in violation of Fla. Stat. § 540.08. (Second Amended Complaint, DE 36, pp. 3–4). Fla. Stat. § 540.08 states, in relevant part:

(1) No person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person **without the express written or oral consent to such use given by:**

**(a) Such person** ...

(2) In the event the consent required in subsection (1) is not obtained, the person

---

**5.** In *Geary v. Town Sports International Holding, Inc.*, 21 Misc.3d 512, 870 N.Y.S.2d 846, 2008 WL 4193098 (N.Y.Sup.2008), the court held that publication of a photograph on a website several years after publication on the premises of a sports club constituted republication and re-triggered the statute of limitations period because the format (or medium) of the subsequent publication was different and "the subsequent publication [was] intended to and actually reache[d] a new audience" from that of the first publication. *Id.* at 847–48, at *1–2. *Geary* is readily distinguishable from Plaintiff's case because each of Anheuser Busch's advertising campaigns was a cohesive, single overt act, and was not a "re-publication" intended to reach a new audience in a new medium. However, even applying the standard set forth in *Geary*, and construing the cause of action to accrue at the start date of each medium and/or location of each advertising campaign, Plaintiff's claim is time-barred, as Plaintiff's filing of the initial Complaint on July 14, 2006, is more than four years after the latest date of first publication for each medium or location in each of the five advertising campaigns:

- Caliente–5/31/2001
- Club Girls–5/15/2001
- Designated Driver–7/11/2002
- Night Club–3/15/2001
- Special Moments–7/11/2002.

whose name, portrait, photograph, or other likeness is so used ... may bring an action to enjoin such unauthorized publication, printing, display or other public use, and to recover damages for any loss or injury sustained by reason thereof, including an amount which would have been a reasonable royalty, and punitive or exemplary damages....

Fla. Stat. § 540.08 (emphasis added). Where a statute is unambiguous on its face, courts will not look behind the plain language of the statute to ascertain meaning. *See Lee County Elec. Co-op., Inc. v. Jacobs,* 820 So.2d 297, 303 (Fla.2002) ("When a statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent."); *Consolidated Bank, N.A., Hialeah, Florida v. U.S. Dept. of Treasury,* 118 F.3d 1461, 1463–64 (11th Cir.1997) ("We are required to look beyond the plain language of the statute only when the language of the statute is unclear or ambiguous, when Congress clearly has expressed an intent contrary to that suggested by the plain language, or when absurd results would ensue from adopting the plain language interpretation."). Therefore, as provided by the plain language of the statute, Fla. Stat. § 540.08 provides relief for commercial misappropriation only if the party whose image is being appropriated does not consent to the image's use.

██ Plaintiff Miller undisputedly provided express consent for Defendant to use the five images at issue. As to the photograph used from the 2000 Photo Shoot in the Special Moments campaign, Plaintiff consented to its use through both the 2000 Model Release and the 2002 Model Release. In the 2000 Model Release, Plaintiff granted Defendant, with respect to all images from the 2000 Photo Shoot, "the absolute right and permission to use my likeness and photograph, in whole or in part." (DE 168–2, p. 29). And in the 2002 Model Release, Plaintiff granted Defendant, with respect to the particular photograph used in the Special Moments campaign, "the right to use, publish and copyright my name, picture, likeness and on-camera performance or portrayal with or without my name and/or fictitious name in all forms of advertising and promotion." (DE 168–2, p. 33).

As to the four photographs of Plaintiff from the 2001 Photo Shoot used by Defendant in the Caliente, Club Girls, Designated. Driver, and Night Club advertising campaigns, Plaintiff granted Defendant in the 2001 Model Release "the absolute right and permission to use my likeness and photograph, in whole or in part." (DE 168–2, p. 30). Because it is undisputed that Plaintiff gave express consent to Defendant to use the photographs at issue, Plaintiff's commercial misappropriation claim fails under Fla. Stat. § 540.08.

## IV. Conclusion

Having concluded that Plaintiff's commercial misappropriation claim is barred by the four-year statute of limitations, and, in the alternative, that Plaintiff's claim fails on the merits because she provided express consent for Defendant to use her image, I grant Defendant's Motion for Summary Judgment.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Defendant's Motion for Summary Judgment **[DE 164] is GRANTED.**

2. All pending motions are **DENIED AS MOOT.**

3. All hearing dates are **CANCELLED.**

4. This case is **CLOSED.**