## Real World Holdings LLC v 393 W. Broadway Corp.

2024 NY Slip Op 31516(U)

April 29, 2024

Supreme Court, New York County

Docket Number: Index No. 160732/2015

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**                                    PART                11M

                                                                    *Justice*

-------------------------------------------------------------------------------X

REAL WORLD HOLDINGS LLC,                          INDEX NO.          160732/2015

                              Plaintiff,           MOTION DATE        12/22/2023

                    - v -                          MOTION SEQ. NO.        017

393 WEST BROADWAY CORPORATION, TIMOTHY
CLARK, JOAN HARDIN, JAMES SCHAEUFELE,
MARIACRISTINA PARRAVACINI, JOHN WOTOWICZ,          **DECISION + ORDER ON**
JANE SINCLAIR, ANTHONY FAGLIONE,                        **MOTION**

                              Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 017) 601, 602, 603, 604, 605, 606, 607, 608, 609, 610, 611, 612, 613, 614, 615

were read on this motion to/for                          DISMISSAL                          .

Background

Plaintiff, Real World Holdings LLC, and defendants, 393 West Broadway Corporation Timothy Clark, Joan Hardin, James Schaufele, Mariacristina Parravicini, John Wotowicz, Jane Sinclair, and Anthony Faglione are involved in a dispute concerning Plaintiff's cooperative apartment. In its November 2023 decision, the Court granted Plaintiffs leave to amend their Complaint. In turn, Plaintiff filed its Fifth amended complaint on November 28, 2023. Defendant now moves to dismiss Plaintiff's twenty fourth and twenty fifth causes of action. Plaintiff opposes.

Discussion

## I.    Conversion

Defendants move to dismiss Plaintiff's cause of action for conversion, contending Plaintiff's new conversion claim is merely a replica of its prior conversion claim, previously

[* 1]

dismissed by this Court in its November 2023 order. Defendants further argue that regardless, the new conversion claim is duplicative of its causes of action for breach of contract, and therefore dismissal is required by law. In opposition, Plaintiff asserts the new conversion claim is entirely different than its previous claim, as it is predicated upon a new legal theory and based on facts outside the scope of its breach of contract claim.

The Court agrees with Defendants that Plaintiff's Twenty Fourth Cause of Action in its Fifth Amended Complaint is duplicative of its Breach of Contract claims. Plaintiff's cause of action for conversion is plead as follows,

467. RWH repeats and realleges all prior paragraphs as if fully set forth herein.
468. Defendants' conduct as described above constitutes a wrongful exercise of dominion or control over property of the plaintiff. Defendant's conduct has been, is and continues to be intentional and without authority.
469. Defendant's conduct has interfered with, and is in defiance of, plaintiff's superior possessory right in the property, and has deprived plaintiff of its rights of use and possession.

Here, Plaintiff fails to identify which conduct in its allegations make up its claim for conversion, separate from that of its claims for breach of contract. Therefore, the claim is duplicative of its breach of contract claim, even in the light most favorable to Plaintiff. Moreover, the failure to plead with specificity constitutes a failure to provide notice to Defendant of the conduct for which it is alleged to have caused a conversion of Plaintiff's property.

## II.    Defamation

As a preliminary matter, Defendants contend Plaintiff's defamation claim is barred by the applicable Statute of Limitations. Specifically, Defendant proffers that as the alleged defamatory statement was made originally made in 2021, Plaintiff's November 2023 is untimely under New York's one-year statute of limitations for defamation claims. In opposition, Plaintiff contends the claim is timely under the republication doctrine, arguing Defendants' reiteration of the statement

**160732/2015   REAL WORLD HOLDINGS LLC vs. 393 WEST BROADWAY CORPORATION**        **Page 2 of 6**
   **Motion No.  017**

with additional content and to a new audience in 2022, qualifies as a republication, therefore restarting the statute of limitations and making the claim timely.

It is undisputed that under New York State law the statute of limitations for a defamation action is one year. See CPLR 215 (3); *Firth v. State*, 98 N.Y.2d 365, 368 (2002). The statute begins to run on the first date that the publication is made and expires one year from this date. See *Biaggi v. O'Flynn*, 216 A.D.3d 484, 484 (1st Dept 2023); *Gregoire v GP Putnam's Son*s, 298 N.Y. 119 (1948). However, New York Courts have carved out an exception which restarts the statute of limitations when the statement has been "republished." To constitute a republication, the plaintiff must show the subsequent publication was intended to and in fact did reach a new audience, the second publication was made on an occasion distinct from the initial one, and the republished statement has been modified in form or in content, and the defendant has control over the decision to republish. *Martin v. Daily News L.P.*, 990 N.Y.S.2d 473 (1st Dept 2014) (internal quotations and citations omitted). Therefore, a republication which retriggers the period of limitations, occurs upon a "separate aggregate publication from the original, on a different occasion, which is not merely a delayed circulation of the original edition." *Firth v. State*, 98 N.Y.2d 365 (2002) (internal citations omitted).

When considering a motion to dismiss based upon CPLR § 3211(a)(7), the court must accept the alleged facts as true, accord the plaintiff the benefit of every possible favorable inference, and determine whether the facts alleged fit into any cognizable legal theory. *Leon v. Martinez*, 84 N.Y.2d 83 (1994). On a motion to dismiss the court "merely examines the adequacy of the pleadings", the court "accept as true each and every allegation made by plaintiff and limit our inquiry to the legal sufficiency of plaintiff's claim." *Davis v Boeheim*, 24 N.Y.3d 262, 268 (2014).

Viewing the allegations in the complaint in the light most favorable to Plaintiff, the alleged defamatory statement in 2022 constitutes a republication, therefore Plaintiff's cause of action is timely. First, Plaintiff has made a showing that the September 2021 statement and the December 2022 statement contain both formatting and substantive differences. The 2021 statement includes a "Cash Balance" chart on one page, and then a separate page which contains a list of arrears, including a notation stating Plaintiff owes arrears to the building in a sum of $36,000. In contrast, while the December 2022 the "Cash Balance" chart reappears, however it is accompanied on the same page by a second chart which list plaintiff's arrears in an amount of $148,975.03.

Here, not only was the 2022 document formatted differently than the 2021 the document, the amount of arrears also allegedly owed by Plaintiff is substantively different. Defendants contend that despite these changes, as the statements were qualitatively the same, there is no republication. For this proposition, Defendants rely on the First Department's decision *in Rare 1 Corp. v. Moshe Zwiebel Diamond Corp.*, 13 Misc. 3d 279, 282 (1st Dept 2006). However, the facts in *Rare* are distinguishable from the instant case. There, the Court found that comments posted on private website, when provided to users on request, did not constitute a republication for the purposes of extending the statute of limitations. Here, as explained above, the statement was a modification of a previous statement with changes, not a dissemination of the 2021 statement at a later date. Defendants contend that although the amount of arrears appearing in the December 2022 statement is different than the 2021 statement, the arrears statements in both instances represent the same qualitative measure, that Plaintiff was behind on its maintenance obligation. The Court finds this argument unavailing. At this early stage, affording Plaintiff all

[* 4]

favorable inferences, the statement that Plaintiff is in arrears of an amount over double that of the original amount is not qualitatively equal.

Additionally, Defendants contend the December 2022 statement was not distributed to a new audience. Plaintiff's amended complaint alleges Defendants distributed the document not only to the Coop, but to lending institutions in connection with mortgage applications. Plaintiff further alleges the documents provided by Defendants show a different distribution list including a different managing agent. As such, taking Plaintiff's allegations as true in determining the sufficiency of the complaint, Plaintiff has sufficiently alleged the statement reached a new audience, at the control of the Defendants. Therefore, in the light most favorable to Plaintiff, the December 2022 statement satisfies the elements of a republication.

Next, Defendant's argue that regardless of the statute of limitations, Plaintiff's defamation claim must be dismissed for failure to plead a necessary element of a defamation claim, falsity of the statement. The First Department's recent decision in *Stringer v. Kim* is on point. In *Stringer*, the First Department reversed the lower court's dismissal of Plaintiff's defamation claim, finding Plaintiff raised an issue of fact as to whether the Defendant was involved in the republication of a defamatory statement. *Stringer v. Kim*, 2024 N.Y. App. Div. LEXIS 2268 (1st Dept 2024). Here, the Court finds that in the light most favorable to Plaintiff, there is an issue of fact as to whether the statements at issue are false. Defendant contends the documentary evidence shows Plaintiff is as a matter of fact in arrears. Plaintiff contends it is not in arrears as the Building never issued Plaintiff their shares to the corporation, in breach of the parties' contract. This dispute is at the heart of this case. As such, the Court finds there is an outstanding factual issue at this time, deeming dismissal of Plaintiff's defamation claim inappropriate.

[* 5]

Lastly, the Court turns to Defendants' argument that regardless of the statute of limitations or veracity of the claim, Defendants possess a qualified privilege for such statements. Defendants argue that under New York law, the statements at issue are protected by a qualified privilege as their communications were made to persons who have some common interest in the subject matter. While New York Courts have held this privilege applicable to communications between members of a board of governors of a tenants' association, this privilege may be defeated where plaintiff can show the Defendant acted with malice in making such statement or where the statements were made with a high degree of awareness of their probable falsity. *Liberman v. Gelstein*, 80 N.Y.2d 429, 438 (1992). Here, Plaintiff's complaint sufficiently alleges Defendants acted with malice in making their statements in an effort to harm Plaintiff's reputation. Therefore, with respect to Plaintiff's cause of action for defamation, Defendant's motion to dismiss is denied.

Accordingly, it is hereby

ADJUDGED that Defendant's motion to dismiss is granted in part and denied in part; and it is further

ORDERED that Plaintiff's cause of action for conversion is dismissed.

20240429164030LFRANKE5AD12074A194974A349021F4CE9A9C8

| **4/29/2024** | | **LYLE E. FRANK, J.S.C.** |
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 6]